IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Consolidated for all purposes**

SUMMIT ELECTRIC SUPPLY CO.,

        Plaintiff/Counter-Defendant,

 vs.                                       No. CIV 00-378 LH/LFG-ACE

BAAN U.S.A., INC.,

        Defendant/Counter-Claimant.


SE TECHNOLOGIES, INC.,

        Plaintiff/Counter-Defendant,

 vs.                                       No. CIV 00-1511 LH/LFG-ACE

SUMMIT ELECTRIC SUPPLY CO., INC.,

        Defendant/Counter-Claimant

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the application of Defendant Baan U.S.A., Inc. ("Baan") for a Two-Tiered Protective Order, as requested at a Fed. R. Civ. P. 16 status conference, and as briefed by the parties on order of the Court, in Doc. 52 (Baan's Memorandum in Support of its Application for a Two-Tiered Protective Order), and Doc. 57 (Summit's Brief in Opposition to Baan's Application).  The Court ordered that no reply was necessary.  For reasons given below, Baan's request for a two-tiered protective order is granted.

Earlier in this litigation, the parties agreed to a "one-tier" protective order [Doc. 48] to guard the confidentiality of commercially sensitive information expected to be sought in discovery. Under the terms of this stipulated agreement, a party receiving information designated as "confidential" agreed that the information would not be used for any purpose other than this litigation, and that the information would not be disclosed to anyone other than current and former employees of the parties who were involved in the transaction at issue in the litigation, to witnesses, experts and consultants, to the Court, to court employees, and to members of the jury.

In response to certain salary and compensation information sought by Summit Electric Supply Company ("Summit") in discovery requests, Baan asked the Court at the status conference to amend the protective order to add a second "tier" of protection for this sensitive material. Baan seeks to limit disclosure of this information to Summit's counsel, prohibiting counsel from sharing the information with the client. Summit objects to adding this second tier of protection, arguing that it will be hampered in its case preparation if counsel cannot discuss the information with representatives of Summit.

Summit's Fifth Request for Production of Documents No. 12 asked for the following information concerning Baan's compensation plan: "Any and all written materials describing the incentive compensation system for sales personnel during the years 1996 through 1998, including but not limited to material relating to quotas, bonuses for meeting quotas, and/or commissions on sales." Baan responded by informing Summit that the materials sought were highly confidential, and it proposed that the confidentiality order be amended to include the second tier of protection, limiting disclosure of this, and similarly sensitive materials, to attorneys and experts only. Baan agrees that the compensation plan documents are relevant and discoverable; the only dispute concerns the

2

persons to whom the information may be disclosed.

There is no absolute protection from discovery for trade secrets such as those involved in this case. Federal Open Market Committee v. Merrill, 443 U.S. 340, 362, 99 S. Ct. 2800, 2813 (1979). Rather, "[t]he claim of irreparable competitive injury must be balanced against the need for the information in the preparation of the [case]." Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 999 (10th Cir. 1965), *implicitly overruled on other grounds, as stated in* FTC v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir. 1985). Fed. R. Civ. P. 26(c)(7) provides that, for good cause show, the Court may enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only is a designated way."

The party resisting discovery under Rule 26(c)(7) must first establish that the information sought comes within the protection of this rule, in that it is a "trade secret" or "other confidential commercial information," and that its disclosure might be harmful; once these requirements are met, the burden shifts to the party seeking discovery to show that disclosure of the information is relevant and necessary to the action. Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981). It is within the sound discretion of the Court to determine whether the materials are relevant and necessary, whether the claim of injury outweighs the need for the information and, if disclosure of the materials is ordered, to decide "the appropriate safeguards that should attend their disclosure." Centurion, at 326.

This case involves claims for breach of contract, misrepresentation, and unfair business practices. Summit purchased a comprehensive computer system from Baan and now alleges that the

3

software failed to perform in substantial accordance with the representations made by Baan sales personnel, and that Baan employees made false and misleading statements regarding the capabilities of the software and the capabilities of Baan's implementation partners, thus inducing Summit to purchase the software and contract with the implementation partner, to its substantial detriment. (Complaint, ¶¶ 9-17).   The parties agree that information on Baan's compensation plan is relevant to the issues in this case. Baan's system of compensating its salespersons may have created an incentive for salesmen to provide more attentive after-the-sale service to other customers, and Summit is entitled to discover information about that salary and commission system.

Summit disputes Baan's contention that the information constitutes a trade secret so as to invoke the protections of Rule 26(c)(7); however, the Court agrees with Baan and specifically finds that "[i]nformation regarding salary and compensation structure in a highly competitive industry (such as the business software industry) is sensitive material and warrants confidential protection," and that public disclosure of the information might be harmful to Baan's competitive interests, in that the information could be used by other employers to lure Baan employees away by offering them more attractive compensation packages.  Thus, the material is sensitive and its disclosure may harm Baan's interests, yet it is also relevant to the issues in the case and necessary to the action.  Both Baan and Summit have legitimate interests deserving of protection.

> Ultimately, the Court's decision does not rest upon whether all disclosure must be allowed or prohibited, but rather whether the legitimate interests of the parties may be accommodated through appropriate limitations.

Genentech, Inc. v. Bowen, No. Civ. A. 87-605, 1987 WL 10500, at *1 (D.D.C. Apr. 21, 1987).

Baan asks that the material be disclosed only to Summit's counsel and any outside experts

hired by Summit, and that it not be divulged to any employee or officer of Summit. This approach has been widely used by a number of courts, and has been cited with approval by the Supreme Court; *see*, Federal Open Market Committee, 443 U.S. at 362, n.24.

The Tenth Circuit also approves of this procedure. *See*, Covey Oil, *supra*, at 999 ("[w]ith great care [the court] imposed conditions designed to protect appellants. The documents were made available only to counsel and to independent certified public accountants and only for purposes of the case"); *and* Centurion Indus., *supra*, at 326, involving a protective order which limited disclosure to plaintiffs' counsel and any experts employed by plaintiffs to testify in the action, and also imposed a condition that defendant be notified of the names and addresses of the experts at least 20 days before disclosure to them, and that defendant be notified at least 20 days prior to plaintiff's tender of any of the materials into evidence. The Centurion court described these directives as "a carefully fashioned protective order to guard against improper disclosure of the secrets . . .."

Other cases in which disclosure of trade secrets, or other confidential commercial information, has been limited to counsel and experts include: Cone Mills Corp. v. Joseph Bancroft & Sons, 33 F.R.D. 318, 321-22 (D. Del. 1963); Natta v. Zletz, 405 F.2d 99, 101 (7th Cir. 1968) (counsel may inspect the material subject to a supplemental clause in the protective order "specifically forbidding Natta's counsel to make any disclosure to Natta, its assignees, or any third parties"); Spartanics, Ltd. v. Dynetics Eng'g Corp., 54 F.R.D. 524, 527 (N.D. Ill. 1972) (disclosure restricted to counsel actively engaged in trial preparation, and no more than two independent consultants not regularly employed or associated with either party); Maritime Cinema Serv. Corp. v. Movies En Route, Inc., 60 F.R.D. 587, 592 (S.D.N.Y. 1973) ("the answers are to be given only to plaintiff's counsel, are not to be shown to plaintiff, are to be used only in connection with the preparation of this case, and are then

5

to be filed under seal with this court"); Scovill Mfg. Co. v. Sunbeam Corp., 61 F.R.D. 598, 602 (D. Del. 1973) ("since the matter is confidential and is subject to abuse, the information will be made available under a protective order to Sunbeam's trial counsel only to prevent its improper use by Sunbeam"); Chesea Int'l, Ltd. v. Fashion Assocs., Inc., 425 F. Supp. 234, 236 (S.D.N.Y. 1977), *aff'd*, 573 F.2d 1288 (2d Cir. 1977) (approving a special master's order which provided that "the data would be for the use of plaintiff's attorneys only and could not be divulged to their client or anyone not in the employ of the law firm"); GTE Prods. Corp. v. Gee, 112 F.R.D. 169, 172 (D. Mass. 1986) (court rejects defendants' argument that, as parties, they have a right to examine personally all documents obtained through discovery; "the balance tilts in favor of issuing the plaintiff's requested protective order" which limits disclosure to defendants' attorneys); Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc., 682 F. Supp. 20, 22 (D. Del. 1988) (disclosure restricted to trial counsel and independent outside experts assisting the trial attorneys; court rejects request that company president, an expert himself, also be allowed to review the material); Davidson Pipe Co. v. Laventhol & Horwath, 120 F.R.D. 455, 465 (S.D.N.Y. 1988) ("Because of the sensitive nature of the information sought . . . [t]he parties shall therefore proceed with discovery on these issues, subject to a protective order limiting disclosure of confidential information to counsel for the parties"); Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 264 (D. Mass. 1991) (disclosure of chemical formula allowed but "limited to plaintiff's counsel of record and two experts and/or independent consultants of counsel's choosing"); Digital Equip. Corp. v. Micro Tech., Inc., 142 F.R.D. 488, 491 (D. Colo. 1992) (noting that a stipulated protective order "is consistent with case law which limits disclosure of highly sensitive and confidential data to experts who can truly be categorized as 'independent,' or, in other words, those who have no employment or other association

with the parties"); and Vesta Corset Co. v. Carmen Foundations, Inc., No. 97 CIV.5139(WHP), 1999 WL 13257, at * 3 (S.D.N.Y. Jan. 13, 1999) ("Carmen has failed to demonstrate why limiting access to counsel and experts is inadequate for it to litigate its case. Thus, disclosure is limited to counsel and experts" and specifically kept away from the corporate presidents of the parties).

Baan is concerned that public disclosure of the compensation plan documents could harm its competitive interests. It does not want to share this information with Summit, as an entity, although it is willing to allow Summit's attorneys, and any outside experts assisting the attorneys, to see the material and use it in preparation of Summit's case. Although Summit would undoubtedly find it easier to prepare for trial without such restrictions, it has not shown that the two-tier approach would interfere in a substantial way with its case preparation, and the Court finds that the requested instructions strike the proper balance between the parties' interests.

Summit argues that the one-tier protective order now in effect is adequate to protect Baan's interests. In theory, it is. However, Baan represents that the material now requested by Summit is highly sensitive, and the Court agrees. Inadvertent "slips" can occur, and there is no adequate remedy for such slips once information has been made public. In addition, Baan has a legitimate concern about disclosing its compensation structure to another company, one with which it is engaged in litigation, even if not in direct competition.

Summit claims that a two-tier protective order implies that its employees, and in particular its president, Vic Jury, are not to be trusted and will misuse this information. The Court emphasizes that mistrust of one party's motives is not the basis for the two-tier order; rather, it recognizes that information, once disseminated among corporate employees, cannot readily be "unlearned."

7

> Sundstrand objects to the use of Mr. Greene [Plaintiff's corporate president] in addition to or in place of an outside consultant. Its concern is clear: Mr. Greene might (whether consciously or subconsciously) abuse the confidential scientific information revealed to Sundstrand's competitive disadvantage . . .. [A]ccepting that Mr. Greeene is a man of great moral fiber, we nonetheless question his human ability during future years of research to separate the applications he has extrapolated from Sundstrand's documents from those he develops from his own ideas.

Safe Flight Instrument Corp., *supra*, at 21-22. *see also*, Digital Equipment Corp., *supra*, at 491-92:

> Ultimately, the focus of the court's decision should rest on consideration of the individual's relationship to or status within the receiving party's business, the likelihood of that relationship continuing, and the feasibility of separating either the knowledge gained or the individual from future competitive endeavors . . . Once DEC's confidential and proprietary data is reviewed by Mr. Koontz, it will become part of his general acquired knowledge, which cannot be "unlearned" or utilized only on a selective basis.

The Court does not impugn the integrity of any employee of Summit in entering a two-tier protective order but finds, rather, that such an order can best accommodate the important competing interests in this case.

Finally, Summit argues that Baan's request for protection is untimely, because the information requested by Summit has already been provided, without protest by Baan, in depositions of Baan employees. Summit summarizes that deposition testimony in its brief, but it has not attached copies of the transcript pages for the Court's review. Having no basis for finding that the testimony duplicates the compensation documents submitted under seal by Baan, the Court will not consider this argument. If indeed information about the compensation system was revealed to Summit in these depositions, that information may be used by Summit in its trial preparation. The fact that Summit

8

already has some of this information tends to lessen the impact of the two-tier restriction and confirms that the Court has struck the correct balance.

IT IS THEREFORE ORDERED that the protective order previously in effect in this case is amended as requested by Defendant Baan, and that the Amended Protective Order attached as Exhibit E to Defendant Baan's Memorandum in Support of its Application for a Two-Tiered Protective Order [Doc. 52] is now in effect and applicable to all parties.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge