IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Consolidated for all purposes**

SUMMIT ELECTRIC SUPPLY CO.,

                    Plaintiff/Counter-Defendant,

vs.                                    No. CIV 00-378 LH/LFG-ACE

BAAN U.S.A., INC.,

                    Defendant/Counter-Claimant.


SE TECHNOLOGIES, INC.,

                    Plaintiff/Counter-Defendant,

vs.                                    No. CIV 00-1511 LH/LFG-ACE

SUMMIT ELECTRIC SUPPLY CO., INC.,

                    Defendant/Counter-Claimant

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Baan U.S.A. Inc.'s ("Baan") Motion to Compel Answers to Interrogatories [Doc. 50]. For the reasons given below, the motion is granted.

Plaintiff Summit Electric Supply Co, Inc. ("Summit") entered into a contract with Baan in 1997 for purchase of a comprehensive business software system. Summit asserts that the system failed to work for its purposes, and it has sued Baan, alleging three causes of action: breach of contract, violation of the New Mexico Unfair Practices Act, and misrepresentation. In Count I, based

on the Unfair Practices Act, Summit alleges that Baan "knowingly made false or misleading statements regarding the capabilities of the software and regarding the capabilities of its implementation partners," and that Summit was thereby deceived into purchasing the Baan software In Count II, a cause of action for misrepresentation, Summit alleges that Baan "knowingly or negligently made misrepresentations to Summit concerning the capabilities of the Baan IV software and the capabilities of its implementation partners, on which Summit relied to its detriment." In Count III, Summit alleges breach of contract in that the software did not perform in accordance with the documentation and representations made by Baan.

Citing the requirement of Fed. R. Civ. P. 9(b), Baan argues that Summit failed to plead its averments of fraud with sufficient particularity. Baan served interrogatories on Summit designed to flesh out the allegations of the complaint. Interrogatories 1 and 2 asked for specifics under Counts I and II as to the substance of each alleged misrepresentation, who made it, when and where it was made, and to whom it was made (Baan's First Set of Interrogatories to Summit, Ex. B to Doc. 51; and Summit's Answers to First Set of Interrogatories, Ex. C to Doc. 51).

Summit did not object to either of these interrogatories, but it did not adequately answer them, either. In response to Interrogatory No. 2, Summit referred to its 33-page response to Interrogatory No. 1, which asked Summit to describe with specificity the particular ways in which the Baan software failed to perform in accordance with Baan's documentation and representations. Summit also included several additional paragraphs in its response, describing statements made by Baan representatives in discussions prior to the sale. As Baan correctly points out, however, Summit does not state, in its answer or in its briefs on this motion, whether these were all of the allegedly false or misleading statements made prior to the sale, on which it will rely at trial to prove its causes of

action for unfair practices and misrepresentation and, in spite of the 33 pages of narrative in response to Interrogatory 1 which detail problems with the Baan software arising post-sale, Summit again does not state whether it has identified therein every allegedly false or misleading statement made after the sale.

Answers to interrogatories may not incorporate by reference information contained in pleadings, documents outside the answers or in depositions. Pilling v. Gen. Motors Corp., 45 F.R.D. 366 (D. Utah 1968). A party cannot avoid answering interrogatories by simply referring the other party to pleadings or other documents. Under Fed. R. Civ. P. 33, interrogatories must be answered separately and fully under oath.

In Martin v. Easton Publ'g Co., 85 F.R.D. 312 (E.D. Pa. 1980), one party sought to answer interrogatories in a fashion similar to Summit. There, in response to interrogatories seeking identification of evidence supporting the complaint, the plaintiff merely referred defendant to depositions, to notebooks prepared by plaintiff, and to employment data previously produced by defendant. The court rejected this practice, saying that a plaintiff could not escape its responsibility of providing direct, complete and honest responses by an assertion that the answers could be found in other material. *See generally*, Shepard's, Discovery Proceedings in Federal Court § 15.09 (3d ed. 1995).

Baan is also correct that Summit has not answered the interrogatories completely in that it has not consistently stated, for each alleged misrepresentation, who said it, what was said, when and where it was said, and to whom it was said. And although some of the representations were contained in sales literature, Baan wants to know whether any such representations were also made directly to Summit by any employee of Baan; this is a reasonable request.

In addition, Baan should not have to sift through the 33-page narrative answer to Interrogatory 1, to find and pull out information which would answer Interrogatories 2 and 3. The information requested for each alleged misrepresentation -- who made the statement, to whom it was made, when, where, and the substance of the communication -- is not always included in the narrative and, in any case, there is no reason why Baan should be put to the task of combing through the lengthy answer to Interrogatory No.1; Summit should supply this information, with the specificity and in the format requested in the interrogatories.

Finally, the fact that Summit's president testified to several instances of misrepresentation in his deposition does not relieve Summit of the obligation to answer these interrogatories. His memory was not always reliable and as a consequence, his responses were not always definitive nor did they completely answer the who, where, when, etc., as requested by Baan. A party may be required to provide more detailed answers to interrogatories, even when the same general topic has previously been the subject of deposition testimony. Willner v. Univ. of Kansas, 848 F.2d 1023, 1029 (10th Cir. 1988). "Interrogatories are an appropriate, inexpensive method of pursuing lines of inquiry that may have come to light after depositions have been taken . . . [and of] rounding out . . . pre-trial examination of the plaintiffs by obtaining complete and responsive answers." Kensington Village, Inc. v. Mengel Co., 14 F.R.D. 187, 188 (S.D.N.Y. 1953).

In addition to its duty of pleading fraud with specificity under Fed. R. Civ. P. 9(b), Summit is also obliged to answer these "contention" interrogatories, which seek specific information to back up the plaintiff's allegations. Such interrogatories serve to "narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position," Koch v. Koch Indus., Inc., 6 F. Supp. 2d 1192, 1200 (D. Kan. 1998), and are most useful at the end

4

of discovery.  Fed. R. Civ. P. 33(c).  Discovery has not closed in this case, but it is near the end.

Summit may now appropriately be put to the test of demonstrating whether it has the evidence to

support its contentions.

IT IS THEREFORE ORDERED that Baan's Motion to Compel Answers to Interrogatories

[Doc. 50] is granted, in that Baan must completely and specifically answer each part of Baan's First

Set of Interrogatories, Nos. 2 and 3.

_____
Lorenzo F. Garcia
United States Magistrate Judge