IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Consolidated for all purposes**

SUMMIT ELECTRIC SUPPLY CO., INC.,

        Plaintiff,

  vs.                           No. CIV 00-378 LH/LFG

BAAN USA, INC.,

        Defendant/Counter-Claimant.


SE TECHNOLOGIES, INC.,

        Plaintiff/Counter-Defendant,

  vs.                           No. CIV 00-1511 LH/LFG-ACE

SUMMIT ELECTRIC SUPPLY CO., INC.,

        Defendant/Counter-Claimant/Counter-Defendant.


## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Summit Electric Supply Co., Inc.'s ("Summit") Motion to Compel SE Technologies to Produce Witness for Deposition [Doc. 152]. The Court has reviewed the motion, response by SE Technologies, Inc. ("SE"), and Summit's reply. For the reasons given below, the motion will be denied.

Summit moves to compel SE to produce Yves Perreault for a trial deposition on August 10, arguing that a trial deposition may be taken even after the close of discovery. The Court agrees. A

trial deposition is different from a discovery deposition. Spangler v. Sears, Roebuck & Co., 138 F.R.D. 122 (S. D. Ind. 1991). The former is nothing more than the preservation of testimony for a witness who will be unavailable for trial; the latter is used to discover facts or evidence that may be useful in prosecuting or defending claims.

Under Fed. R. Civ. P. 26, a fact or discovery deposition may be used as follows:

> Parties may obtain discovery of regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Thus, Rule 26 discovery is broad, while trial testimony is quite narrow. At trial, only relevant, admissible evidence is permitted. It is far too late, at trial, to seek to discover the facts of the case; thus, a trial deposition is not used to learn the facts, but rather to memorialize relevant testimony. Spangler.

Because a trial deposition is not part of the discovery process, it may be taken even after the close of discovery. The Court's conclusion that a trial deposition may be taken after the close of discovery does not answer the question of whether Mr. Perreault's deposition may be taken at all. If Perreault's trial deposition is improper because he was not a timely disclosed fact witness, then no deposition can be taken.

The record indicates that all parties were required to make Rule 26 disclosures of fact and expert witnesses by a date certain, and supplement those disclosures as required by Rule 26. At no time prior to the close of discovery did Summit disclose Mr. Perreault as a fact witness. Indeed,

Summit's first disclosure appears in their proposed pretrial order.

Perreault was designated as SE's expert and a preliminary report was provided to Summit in January.  Thus, Summit was aware as early as January of Perreault's role and involvement in this case.  SE ultimately withdrew Perreault as its expert witness in late April, and Summit did not disclose Perreault as a witness until July, after the close of discovery.  Summit was aware in January of Perreault's relation to the case, and in April of the fact that he would not be called as an expert.  Yet, Summit took no steps for 3 months to disclose Perreault as it own witness.

Had Summit disclosed Perreault as a fact witness, SE could have taken his deposition to determine what information, if any, he had that was relevant to the claims and defenses.  That discovery deposition would have been governed by the broad scope of Rule 26 rather than the narrow scope of cross examination of a trial witness.  It would be unfair to allow a witness to be called without first giving the opposing party an opportunity to depose the witness, and in any case, as noted above, the discovery deadline has passed.  Moreover, given the inherent differences between a discovery deposition and a trial deposition, the proposed deposition on August 10 cannot serve both purposes.  That is, the mere fact that the deponent could be cross examined does not cure the problem.

Beyond that, Perreault's affidavit indicates that he had no involvement in the pre-sales cycle or implementation project at Summit, and he has no first hand knowledge of any representations that were made by SE during the pre-sales cycle or during the implementation project.  With those representations, it is hard to fathom what non-hearsay, relevant evidence could be produced.

The Court concludes that while a trial deposition of a properly disclosed witness can be taken, even after the discovery deadline, this witness was not properly and timely disclosed by Summit, and

3

his testimony may not be memorialized without first affording SE an opportunity to take a discovery deposition.  The discovery deadline has passed.  Thus, the Court concludes that Perreault cannot be called as a fact witness.

On a related matter, SE asks that the Court provide clarification of the circumstances under which Summit's attorneys or representatives may contact former SE employees who may have served in a managerial capacity.  The Court refers both parties to the scheduling order [Doc. 47], filed in this case on January 26, 2001:

> Parties are free to speak with former employee witnesses without concurrence or notification of opposing counsel, only if the former employee was not a manager whose statements would constitute 801(d)(2) admissions.  If the former employee was a manager whose statements may serve to bind the principal, contact of that employee or those employees must be made only through counsel.  New Mexico Rules of Professional Conduct, N.M.R.A. (2001) 16-402.

Scheduling Order and Discovery Issues [Doc. 17, at 4].  The order speaks for itself; no clarification is necessary.

IT IS THEREFORE ORDERED that Summit's Motion to Compel SE Technologies to Produce Witness for Deposition [Doc. 152] is denied.


_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge